1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Shalev Amar (#022332)**
**samar@amarlawgrp.com**
**Henry Vorderbruggen (#034310)**
**hvorderbruggen@amarlawgrp.com**
**Amar Law Group, PLLC**
**7001 N. Scottsdale Rd. Suite 2060**
**Scottsdale, AZ 85253**
**(480) 237-2744 (phone)**
**(866) 226-1333 (facsimile)**
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Wallace Yopp,**                               ) Case No.:
                                                )
Plaintiff,                                      ) **COMPLAINT --**
                                                ) **VIOLATION OF THE ARIZONA MOTOR**
        vs.                                     ) **VEHICLE WARRANTIES ACT AND THE**
                                                ) **MAGNUSON-MOSS WARRANTY ACT**
**FCA US LLC d/b/a Dodge,**                     )
                                                )
Defendant.                                      )
                                                )

1.      The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as

there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et*

*seq*.  Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy

exceeds $50,000.00.  The Court has pendent jurisdiction over Plaintiff's Arizona Motor Vehicle

Warranties Act claim.

2.      The Plaintiff, Wallace Yopp ("Plaintiff"), is an Arizona consumer.

3.      The Defendant, FCA US LLC d/b/a Dodge, ("Defendant") is a foreign corporation

authorized to do business in the State of Arizona and is engaged in the manufacture, sale, supply

and distribution of motor vehicles and attendant warranties. Defendant supplies its products and

services to the consuming public through its authorized dealerships.

4.      On May 22, 2021, Plaintiff purchased from Larry H. Miller Jeep Dodge Ram

Surprise, a 2021 Dodge Charger, Vehicle Identification No. 2C3CDXL9XMH539414

("Charger") manufactured, warranted, and supplied by Defendant, for a total financed price of

$126,467.28. Plaintiff took delivery of the subject Charger in Surprise, Arizona.

5.      In connection with Plaintiff's purchase of the Charger, Defendant issued and

supplied Plaintiff with its written warranty, which has *inter alia* three-year/36,000-mile bumper

to bumper coverage and five-year/60,000-mile powertrain coverage.

6.      Plaintiff experienced multiple nonconformities with the Charger that manifested

after acquisition. Specifically, the Charger exhibited the following defects and conditions:

electrical system (2 repair attempts), ticking condition (2 repair attempts), static condition,

transmission, engine, leaking condition, tires, vibrating condition, and trim.

7.       The Charger was out of service for a total of one hundred and seventy-eight (178)

days as a result of warranty repairs to address its defects and conditions.

8.      Defendant was not able to cure the Charger's defects within a reasonable number

of attempts or time as evidenced by the Charger's frequent repair attempts and defect history.

9.      The Charger remains defective and nonconforming.

10.     The Charger's warranty failed of its essential purpose.

11.     The above-mentioned vehicle defects and the dilatory inadequate repairs constitute

substantial impairment in the use and value of the subject vehicle to Plaintiff.

12.     Plaintiff provided Defendant, through its designated dealership warranty repair agents, a reasonable opportunity to repair the defects, nonconformities and conditions within the Charger.

13.     Defendant had notice of the Charger's defects and an opportunity to cure.

14.     Plaintiff gave Defendant additional written notification of the defects and repair history of the Charger (through undersigned) as well as Plaintiffs' lawful request for relief on July 22, 2021.

15.     Defendant and Plaintiff were unable to reach an accord.

16.     Plaintiff has been and will continue to be financially damaged due to Defendant's failure to conform the Charger to its warranty.

17.     Plaintiff did not receive the basis of his bargain, for a warranted Charger, but instead was saddled with a vehicle riddled with substantial conditions akin to an improperly maintained, much higher mileage and age vehicle of a much lower value.

18.     Plaintiff demands a trial by jury.

### COUNT I
### VIOLATION OF THE ARIZONA MOTOR VEHICLE
### WARRANTIES ACT

19.     Plaintiff re-alleges and incorporates by reference paragraphs 1-18 in this Complaint.

20.     Defendant failed to comply with the Arizona Lemon Law's express requirements. In accordance with A.R.S. § 44-1263(A), Plaintiff is entitled to equitable relief in the form of a

refund of the subject vehicle's purchase price or a comparable new replacement vehicle at Plaintiff's option.

WHEREFORE, pursuant to A.R.S. § 44-1261 *et seq.*, Plaintiff prays for the following relief against Defendant:

      a.  A comparable new replacement vehicle or full refund of the purchase price inclusive of financing charges accrued minus a reasonable usage offset not to exceed ten (10) cents per mile (at Plaintiff's election);

      b.  All reasonable attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

      c.  Any other relief deemed justified by this Court.

## COUNT II—BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

21.    Plaintiff re-alleges and incorporate by reference paragraphs 1-20 in this Complaint.

22.    Defendant failed to comply with its repair duties and obligations under the Charger's written warranty.  Additionally, the warranty failed of its essential purpose.

23.    Defendant did not repair the Charger's defects and conditions within a reasonable number of attempts or time.

WHEREFORE, pursuant to 15 U.S.C. § 2310 (d), Plaintiff prays for the following relief against Defendant for its written warranty breach:

      a.  An award of diminution in value damages and any equitable relief to which Plaintiff is entitled;

1

2

3     b.  All incidental and consequential damages;

4     c.  All attorneys' fees, expert fees and court costs incurred during the

         commencement and prosecution of this matter; and,

5     d.  All other relief deemed justified by this Court.

6

7

8     **RESPECTFULLY SUBMITTED** this 24th day of February 2022.

9

10

11                                    By: /s/*Henry Vorderbruggen*
                                          Shalev Amar
12                                        Henry Vorderbruggen
                                          Amar Law Group, PLLC
13                                        7001 N. Scottsdale Rd. Suite 2060
                                          Scottsdale, AZ 85253
14                                        (480) 237-2744
                                          (866) 226-1333 (facsimile)
15                                        *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28